Craighead, Cowden, Smith & Schnacke, Dayton, for defendant in error.

## POMPANO REALTY CO v WHITEFORT

Ohio Appeals, 2nd Dist, Montgomery Co

No 1133. Decided Jan 31, 1933

ALLREAD, J.

From this judgment the Pompano Realty Company prosecutes error. Able lawyers were engaged on both sides of the controversy. Counsel have ably argued the case and have filed written briefs. The contention on both sides was carried on with spirit and with the ardor of conviction. The question of fact involved in the defense to the petition and the answer and cross petition were difficult. The evidence tended to prove there were misrepresentations in many material facts, among which was as to the improvements affecting the value of the lots. The trial court charged the jury that in solving this question of fact the jury had a right to determine as to the alleged misrepresentations of improvements not only as to those in instances at the time the lots were purchased but those immediately contemplated at the time of the sale and which immediately followed the sale. The learned trial judge was insistent that this evidence was competent, especially as to the defense to the claims set forth in the petition. We are inclined to agree with the learned trial court upon this proposition, but in any event, even if this claim is not maintainable, and the trial court is in error, we are of opinion that it is not reversible error.

There were many questions of fact to be presented and other questions of fact were evidently decided by the jury in addition to the one upon which this claim is founded. It is a well settled proposition in this state that where a number of questions are presented to the jury, some of which are returned by the jury in favor of the defendant in error and as to which it is alleged error could not affect, the judgment will be sustained. This has been decided in Ohio in the early case of **Sites v Haverstick, 23 Oh St, 626,** and has been repeated in many cases down to the present time. We will be required under these authorities to hold that the alleged error, even if sustained, would not be reversible upon such grounds for the reason that the verdict could stand upon other issues.

There were other questions raised during the progress of the trial. Among these was as to the application of the Blue Sky Law. While the Pompano Company was a Florida Company, there was some evidence tending to prove, that it had an office in Dayton and was doing business at said office. It was, therefore contended that the failure to comply with the Blue Sky Law was a bar to the plaintiff's cause of action. The trial court cited the case of the **Warren Peoples' Market Company v Corbett & Sons, decided in 114 Oh St, 126,** in which it was held that the failure to comply with the Blue Sky Law was not a defense, and applied the law of that case to the facts developed in the present case. We see no error in this ruling.

The plaintiffs at no time tendered a deed for the Florida lots in controversy, but sued generally upon the land contract. It was claimed by the defendant that the plaintiff could not recover without first tendering a deed. The court cited and relied upon the case of **The Will-O-Way Development Company v Mills, 122 Oh St, 242.** We think this question was properly decided by the trial court. The record in this case is quite involved and many questions have been made. All of these questions have been considered and we are of opinion that there was no prejudicial error of the trial court upon which a judgment of reversal can be based.

We further find that while the facts are in doubt, the jury had a right under the evidence to return a verdict for the amount of the defendant's claim and that such finding is not contrary to the manifest weight of the evidence.

Finding no prejudicial error in the record, the judgment of the trial court must be affirmed.

HORNBECK and KUNKLE, JJ, concur.

ON MOTION FOR REHEARING

Decided March 13, 1933

BY THE COURT

We are in receipt of an application for rehearing in the above entitled case. The opinion in this case was released on the 31st day of January, 1933. The application bears the file mark of March 2, 1933. Rule 13 of Rules of Practice of the Court of Appeals of Ohio provides that application for rehearing shall be made within ten days after the decision is announced. No reason is assigned for the delay in present-

ing the application. A motion has been filed by defendant in error to strike the application for rehearing from the files. In the situation presented there is nothing left for this court but to sustain this motion, which will be done. Inasmuch as no judgment entry has been spread upon the record no prejudice will result to plaintiff in error if it is desired to prosecute error to the Supreme Court.

HORNBECK, PJ, and KUNKLE, J, concur.
BARNES, J, not participating.